# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN STAUFFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV0099 JCH |
| | ) | |
| STEVE LARKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Brian Stauffer (registration no. 533128), an inmate at Eastern Reception Diagnostic and Correctional Center (ERDCC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.98. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.92, and an average monthly balance of $1.82. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of plaintiff's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff brings this action seeking monetary and injunctive relief pursuant to 42 U.S.C. § 1983. Named as defendants are Steve Larkins (Warden, ERDCC), George Lombardi (Director, MoDOC), Jason Lewis (Assistant Warden, ERDCC), Kristen Peppers (Acting Warden, ERDCC), Jody Spark (Central Transfer Unit), Patricia Cornell (Zone Director), Stan Payne (Functional Unit Manager), John Doe (Housing Unit 4 Functional Unit Manager), John Doe (Housing Unit 6 Functional Unit Manager).

Plaintiff alleges that ERDCC has been designated a "C-4/C-5" institution by the Missouri Department of Corrections. Plaintiff says that the C-5 classification denotes "Supermax," high-security conditions. Plaintiff claims that C-4 inmates, who are designated as less dangerous than C-5 inmates, are subject to the same or similar conditions as C-5 inmates at ERDCC. Plaintiff maintains that C-4 inmates at other facilities are given more privileges than those at ERDCC.

Specifically, plaintiff alleges that C-4 inmates at ERDCC are locked down in their cells for 17 hours per day, that they are not given padlocks for their personal belongings, that they must use flexible pens when writing, that they are not permitted games, and that they lack privacy in their cells when using the toilet.

Plaintiff believes being classified as a C-4 inmate at ERDCC violates his right to Due Process.

**Discussion**

To prevail on a § 1983 claim for unconstitutional classification, an inmate must first show that he has a protected liberty interest "in receiving or obtaining a particular classification." Slezak v. Evatt, 21 F.3d 590, 593-94 (4th Cir. 1994); see Griffin-El v. Delo, 34 F.3d 602, 604 n. 3 (8th Cir. 1994). There is no protected liberty interest in a particular classification "[a]s long as the [challenged] conditions or degree of confinement . . . [are] within the sentence imposed . . . and [are] not otherwise violative of the Constitution." Montanye v. Haymes, 427 U.S. 236, 242 (1976); see Slezak v. Evatt, 21 F.3d 590, 593-94 (4th Cir. 1994); Nash v. Black, 781 F.2d 665, 668 (8th Cir. 1986). The conditions of plaintiff's confinement are not otherwise violative of the Constitution. As a result, plaintiff's claims are legally frivolous and subject to dismissal pursuant to 28 U.S.C. § 1915(e).

Furthermore, for the Due Process Clause to be implicated in the administrative segregation setting, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship which might conceivably create a liberty interest. Id. at 485-86; Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997) (unpublished) (four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation did not create liberty interest); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; ten days disciplinary detention and 100 days in maximum-security cell); Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996) (same; fifteen days of highest-level disciplinary detention and 107 days of less-restrictive disciplinary detention). As a result, the Due Process Clause is not implicated in this case.

Finally, the complaint does not specifically refer to specific defendants when making allegations. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured

plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). The failure to connect specific defendants to specific allegations fails to establish direct responsibility for the alleged deprivations. As a result, the complaint is frivolous for this reason as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.98 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of February, 2010.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE